```
 1              IN THE UNITED STATES DISTRICT COURT

 2              IN AND FOR THE DISTRICT OF DELAWARE

 3                         - - -

 4
       VINCENT WISE,                  :   CIVIL ACTION
 5                                    :
                   Plaintiff,         :
 6                                    :
          vs.                         :
 7                                    :
       BIOWISH TECHNOLOGIES, INC.,    :
 8     et al.                         :
                                      :
 9                 Defendants.        :   NO. 18-00676-RGA

10
                                       - - -
11
                                      Wilmington, Delaware
12                                    Wednesday, October 23, 2019
                                      9:18 o'clock, a.m.
13                                     ***Telephone conference

14                                     - - -

15     BEFORE:  HONORABLE RICHARD G. ANDREWS, U.S.D.C.J.

16                                     - - -

17     APPEARANCES:

18              WILKS, LUKOFF & BRACEGIRDLE, LLC
                BY:  ANDREA S. BROOKS, ESQ.
19

20                       -and-

21

22

23

24                                    Valerie J. Gunning
                                      Official Court Reporter
25
```

```
 1    APPEARANCES (Continued):

 2
              PARR BROWN GEE & LOVELESS, P.C.
 3            BY:  CYNTHIA D. LOVE, ESQ. (via telephone)
                   (Salt Lake City, Utah)
 4

 5                 Counsel for Plaintiff

 6


 7            MORRIS, NICHOLS, ARSHT & TUNNELL LLP
              BY:  THOMAS W. BRIGGS, ESQ.
 8

 9                    -and-

10
              MINTZ, LEVIN, COHN, FERRIS, GLOVSKY and POPEO,
11            P.C.
              BY:  MICHAEL S. GARDENER, ESQ. (via telephone)
12                 CARA M. CORMIER, ESQ.  (via telephone)
                   (Boston, Massachusetts)
13

14                 Counsel for Remaining Defendants
                   Mintz Levin, Cohn Ferris, Glovsky and
15                 Popeo, P.C., and irwin Heller (in his
                   capacity as a member of Mintz Levin
16

17
              FOX ROTHSCHILD LLP
18            BY:  CARL D. NEFF, ESQ.

19
                   Counsel for Defendants
20                 Ian Edwards and Irwin Heller

21
                         -  -  -
22

23

24

25
```

```
 1                    P R O C E E D I N G S

 2

 3              (Conference held in chambers, beginning at

 4    9:18 a.m.)

 5

 6              THE COURT:  All right.  Good morning, and please

 7    be seated.

 8              So this is a scheduling conference in Wise

 9    versus Biowish Technologies, Civil Action No. 18-676.  Ms.

10    Brooks, good morning.

11              MS. BROOKS:  Good morning, Your Honor.

12              THE COURT:  Do you have someone with the on the

13    phone?

14              MS. BROOKS:  I do Your Honor.  Cynthia Love from

15    Parr Brown.

16              THE COURT:  And, Ms. Love, can you hear me?

17              MS. LOVE:  I can, Your Honor.  Good morning.

18              THE COURT:  And where are you physically

19    located?

20              MS. LOVE:  I'm in Salt Lake City.  It is very

21    early here.

22              THE COURT:  Okay.  Sorry about that.

23              MS. LOVE:  Oh, it's fine.

24              THE COURT:  And --

25              MR. BRIGGS:  Tom Briggs, Your Honor, from Morris
```

1 Nichols, and my co-counsel from Mintz Levin are also on the
2 phone, Michael Gardener and Kara Cormier.
3     THE COURT: And are you Mr. Neff?
4     MR. NEFF: I am, Your Honor, yes. Good morning.
5 Carl Neff on behalf of Ian Edwards and Irwin Heller.
6     THE COURT: Okay. And who, Mr. Briggs, do you
7 represent?
8     MR. BRIGGS: Mintz Levin.
9     THE COURT: And so I may have the names wrong
10 here, but the attorney who was a partner at Mintz Levin, you
11 represent him, Mr. Neff?
12     MR. NEFF: I represent him in his capacity as a
13 corporate secretary of Biowish.
14     MR. BRIGGS: I represent him in his capacity as
15 a member of Mintz Levin.
16     THE COURT: Okay. I don't know what that
17 actually means, but, sure.
18     Okay. Well, good morning to all of you. So I
19 looked through this order here. I am correct in thinking
20 this is a jury trial?
21     MS. BROOKS: Yes, Your Honor.
22     THE COURT: Okay.
23     MS. BROOKS: And, Your Honor, before I go too
24 far into it, I'm not sure if the message has been delayed,
25 but since we got to get together a little bit this morning

```
 1    before the hearing started, we've worked almost everything
 2    out.
 3              THE COURT:  Okay.  Well, why don't you tell me
 4    what you've worked out.
 5              MS. BROOKS:  Okay.  Thank you, Your Honor.  So
 6    on the first page under discovery, under paragraph 3,
 7    discovery cutoff, all fact discovery in this case shall be
 8    initiated so it will be completed on or before March 30th,
 9    2020.
10              THE COURT:  Okay.
11              MS. BROOKS:  And then on the next page, so still
12    under discovery, under plaintiff's, it says document
13    production shall be substantially completed.  Instead of
14    April 30 we've agreed to March 15th, 2020.
15              THE COURT:  All right.
16              MS. BROOKS:  And then if we keep going to page
17    5, paragraph 7, case dispositive motions.
18              THE COURT:  Wait.  I'm sorry, Ms. Brooks.  Does
19    that mean that the alternative from the defendants on page 2
20    is not operable?
21              MS. BROOKS:  Correct.  There then we have a
22    dispute over document requests.  Plaintiff's history with
23    Your Honor, it's just that there are not normally limits on
24    document requests, so I didn't agree to that.  I think they
25    still would like to keep that in.  So I think that might be
```

```
 1    the one minimal dispute that we have we just not have gotten
 2    to work out yet.
 3              THE COURT:  All right.  So I will keep a tab
 4    there.  Keep going.
 5              MS. BROOKS:  Going to page 7, Your Honor.  I'm
 6    sorry.  Page 5.  All case dispositive motions by April, I
 7    don't know if that is -- we didn't check the dates,
 8    April 30th, 2020.
 9              THE COURT:  Sure.
10              MS. BROOKS:  And then the trial date, Your
11    Honor, we -- I think that the defendants, and I won't speak
12    for them, they can tell you, but I think that the main
13    concern is just that they get the early dispositive motion
14    deadline, and the only reason that plaintiffs disagreed with
15    the trial date being in October 2020 is we have, between my
16    partner and I, who are handling this case, we have four
17    cases going to trial in the fall, and so I can let
18    defendants speak to the trial, but I think the main issue
19    they had was the early summary judgment motion.
20              So we could take whatever trial date that you
21    have, but plaintiff's preference would obviously be not to
22    be the fall 2020.
23              THE COURT:  Okay.
24              MR. BRIGGS:  No.  We certainly understand that
25    Ms. Brooks can't be in two places at the same time.
```

1           THE COURT:  She can always try.  Okay.  So we'll
2   get back to the trial date because there may be one part of
3   this plan that you've agreed to, but let's just go through
4   the things that are still disputed.
5           So page 2.  Document production you've agreed
6   shall be substantially complete by March 15th.
7           What is the dispute that remains here is how
8   many document requests are permitted?
9           MR. BRIGGS:  That's correct, Your Honor.  And
10  then --
11          THE COURT:  So you want 25?
12          MR. BRIGGS:  We want some rational limit on the
13  number of documents.
14          THE COURT:  Right.
15          MR. BRIGGS:  Yes.
16          THE COURT:  And you think you need more than 25
17  here?
18          MS. BROOKS:  Well, it's just that it's not
19  normally in the scheduling order.  The request for admission
20  and interrogatories are normally limited, but document
21  requests are never limited.
22          So I just -- I didn't --
23          THE COURT:  And you may be entirely right about
24  that.
25          MS. BROOKS:  Yes.

```
 1              THE COURT:  But I think that a maximum of 25 is
 2   a reasonable number here, and just because it's not
 3   something I usually do doesn't mean that I won't do it when
 4   it seems appropriate, and so I think it's probably
 5   appropriate here.
 6              MS. BROOKS:  Okay.  No problem.
 7              THE COURT:  Does that then -- so if I cross
 8   out everything other than a maximum 25 document requests
 9   for each side, have I then got essentially all this other
10   stuff about earlier deadlines for specific issues, that's
11   out?
12              MR. BRIGGS:  That's out, Your Honor, yes.
13              THE COURT:  All right.  What's the next dispute,
14   or are there no more disputes and you just need the
15   dates?
16              MR. BRIGGS:  I think we just need a trial date.
17              MS. BROOKS:  Yes.
18              MR. BRIGGS:  And then we can figure out the
19   pretrial conference.
20              THE COURT:  Under the case dispositive motions,
21   paragraph 7 on page 5, plaintiff said, and you've now agreed
22   to April 30th, so I take it there's not going to be separate
23   case dispositive motions at some earlier date on the issues
24   where defendants think they have their best shot.  Is that
25   right?
```

1        MR. BRIGGS:  That's correct.

2        THE COURT:  And you are just going to have one
3   date?

4        MR. BRIGGS:  Yes.

5        THE COURT:  Okay.  That's good, because that's
6   where we would have ended up.

7        All right.  So then we trial dates.  I take it
8   all of these trials you and your partner have, Ms. Brooks,
9   are they in Superior Court or are some of them in Federal
10  Court?

11       MS. BROOKS:  One is an aviation matter with
12  Judge Connolly, so one is in District Court, and I believe
13  the rest -- one is in Superior Court and then two are in
14  Chancery.

15       THE COURT:  Okay.

16       MS. BROOKS:  So we are a little spread out
17  there.

18       THE COURT:  Yes.  So let me just think.  In
19  terms of, if we have case-dispositive motions by April 30th,
20  so based on that kind of case-dispositive motions date, I
21  would normally be setting a trial around about the date that
22  plaintiff has chosen here.  You know, one of the things that
23  I'm sometimes hesitant to do is to schedule around lawyers'
24  schedules a year from now.

25       MS. BROOKS:  Right.  I understand.

```
 1              THE COURT:  A lot can happen.  What I'm thinking
 2   is picking a date somewhere around October 1st, but maybe
 3   giving some other date, or maybe you could agree on a date,
 4   which if it continues to be the case that all of these other
 5   trials are out there, we can push it back, because I
 6   certainly would regard myself as being fourth in line after
 7   these other three cases that you already have.
 8              But, you know, cases get continued and they just
 9   settle.  Most cases settle.  So let me just see about
10   October 2020 what we're talking about here, or is that kind
11   of scheduling, is that non-optimal from both sides' point of
12   view?  Would you rather have a more fixed date or would you
13   rather have a date that's tentative until we get closer to
14   the date in question?
15              MR. BRIGGS:  I will defer a little bit to
16   Mr. Gardener.  I don't know if he has anything on his
17   calendar.
18              I think from my perspective, an earlier
19   tentative date would be good and then we can adjust if need
20   be.  That will keep the parties focused.
21              THE COURT:  All right.
22              MR. GARDENER:  This is Michael Gardener, Your
23   Honor.  Thank you.
24              How about November 1st if that works better for
25   everybody?
```

```
 1                THE COURT:  I don't know.  When are your trials,
 2    Ms. Brooks?
 3                MS. BROOKS:  Your Honor, I know that I know that
 4    they're September, October and November, but that's fine.
 5                THE COURT:  All right.  Well, let's see what
 6    we've got here.
 7                So basically, you know, every week in October
 8    and November and December through December 18th, other than
 9    Thanksgiving week, I have one or more trials scheduled.  So
10    no date is ever fixed.
11                Let's see, 2020.  And actually, November is not
12    the best in the world because November 3rd is Election Day
13    and so we're not going to be having Court on that day.
14    Probably half the country won't want to show up on the 4th,
15    so I don't know which half.
16                And then the following week, Veteran's Day is in
17    the middle of the week, and then there's one week before
18    Thanksgiving and I have three jury trials scheduled for that
19    week.
20                Actually, that shows you the disadvantage of
21    scheduling far out in the future.  I'm just flipping through
22    my calendar.  The first week that I don't have a trial
23    scheduled starting in September is May 24th.  But I'm not
24    expecting to be in trial continuously from September through
25    May.  That would be impossible.
```

```
 1              Why don't we do this.  So the week of
 2   October 18th, I only have one trial scheduled.
 3              MS. BROOKS:  That would work for me, Your Honor.
 4   My next trial is the next week.
 5              THE COURT:  Okay.  So why don't we schedule it
 6   for October -- wait.  Hold on.  Just let me think about
 7   this.
 8              MS. BROOKS:  The 19th?
 9              THE COURT:  Yes.  So November, the one good week
10   in November, I already have three trials scheduled.  And
11   like I said, December 7th, I've got three trials.  The week
12   of November 30th, I have four trials.  And so why don't we
13   schedule it for October 18th.  I'm sorry.
14              MS. BROOKS:  The 19th?
15              THE COURT:  The 19th.  Thank you.  October 19th.
16              And I'm just trying to figure out when would
17   be -- so why don't I just leave it with the parties, is
18   you're going to be in touch with each other on discovery and
19   this and that and the other thing.  If you get to a point
20   where, particularly the defendants, the plaintiff -- yes,
21   the plaintiffs --
22              MS. BROOKS:  You're right.
23              THE COURT:  Plaintiff's trial schedule and other
24   things becomes overly burdensome with this date, talk to
25   each other.  By that time, some of these other things will
```

```
 1   have fallen away.  I will have more flexibility to find a
 2   date that I could actually guarantee that you would have a
 3   trial if you want a trial.
 4              And so then I also need to give you a -- I wrote
 5   that in the wrong place.
 6              All right.  And so the pretrial conference,
 7   paragraph 9, schedule that for October 9th at 9:00 a.m.
 8   Okay?
 9              MS. BROOKS:  Great.
10              MR. BRIGGS:  Okay.
11              THE COURT:  So I think it won't be pretty, but I
12   can sign this.  And it has got all of the -- and if sometime
13   in the future you need to ask for the date to be changed
14   because of plaintiff's trial schedule, whenever you ask me,
15   just remind me in writing that I said you could do this.
16   Okay?
17              MR. BRIGGS:  Yes.
18              MS. BROOKS:  Absolutely.
19              THE COURT:  And if you do that, then you won't
20   get any pushback for me, whereas if you don't do that, I
21   might just deny it.  Okay?
22              MS. BROOKS:  Great.  Thank you.
23              MR. BRIGGS:  Thank you, Your Honor.
24              MR. NEFF:  Thank you, Your Honor.
25              THE COURT:  So I've signed this.  I will file
```

1     it.
2              Thank you all for coming over and thank you for
3     resolving most of the issues.  Those of you that called in
4     even from Salt Lake, thank you very much, and seeing you've
5     got a real good headstart on the rest of your day.
6              MS. LOVE:  Very, very definitely.  Thank you,
7     Your Honor.
8              THE COURT:  So we'll be in recess.  Thank you
9     all for coming.
10             MR. BRIGGS:  Thank you.
11             (Conference concluded at 9:31 a.m.)
12                         -  -  -